IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CAMERON JAEGER,<br><br>           Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,<br><br>           Defendant. | Case No. 3:23-cv-00287-JMK<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

Before the Court at Docket 11 is Defendant American Family Mutual Insurance Company, S.I.'s ("AFMIC") *Motion to Dismiss for Lack of Jurisdiction*. Plaintiff Cameron Jaeger responded in opposition at Docket 12 and AFMIC replied at Docket 13. The Court took the motion under advisement without oral argument.

For the following reasons, the *Motion to Dismiss* is **GRANTED**.

## I. BACKGROUND

On November 21, 2021, Cameron Jaeger suffered injuries after an unidentified motorist struck his vehicle at the intersection of Muldoon and DeBarr Roads in Anchorage, Alaska, and fled the scene.[1]

---

[1] Docket 1-1 at 2–3.

At the time of the collision, Mr. Jaeger was insured by an automobile insurance policy issued by AFMIC.[2] The policy included an underinsured or uninsured motorist ("UM") provision that provided for $1,000,000 in coverage.[3]

Mr. Jaegar made a claim under the UM provision of his insurance policy on July 19, 2022.[4] Then, on September 29, 2023, Mr. Jaeger sent a set of medical bills and records to AFMIC.[5] On October 19, 2023, AFMIC communicated that it valued Mr. Jaeger's UM claim to be worth $10,000 and offered to settle the claim.[6] Dissatisfied with AFMIC's offer and its refusal to tender the policy limits of the UM provision, Mr. Jaeger filed suit against AFMIC in Alaska state court, alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing.[7] AFMIC then removed to federal court and made the instant motion.[8]

## II. LEGAL STANDARD

A party may move to dismiss an action where a federal court lacks personal jurisdiction.[9] When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction is proper.[10] "Where, as here, the defendant's motion is

---

[2] *Id.* at 3.
[3] *Id.*
[4] Docket 11-1 at 2.
[5] Docket 1-1 at 4.
[6] *Id.*
[7] *Id.* at 5–6. Mr. Jaeger's complaint also alleges a claim for "indemnity," which appears to duplicate his later breach of contract claim.
[8] Docket 1; Docket 11.
[9] Fed. R. Civ. P. 12(b)(2).
[10] *See In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019).

*Jaeger v. Am. Family Mut. Ins. Co., S.I.*,  Case No. 3:23-cv-00287-JMK
Order Granting Motion to Dismiss  Page 2
Case 3:23-cv-00287-JMK   Document 15   Filed 06/03/24   Page 2 of 11

based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."[11] And the court "resolves all disputed facts in favor of the plaintiff."[12]

Nonetheless, this standard "is not toothless."[13] "The party asserting jurisdiction 'cannot simply rest on the bare allegations of its complaint.'"[14] Thus, the court may consider declarations and other evidence to determine if personal jurisdiction exists.[15] At the motion to dismiss stage, "uncontroverted allegations must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor."[16] On the other hand, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit."[17]

### III. DISCUSSION

AFMIC argues that this Court must dismiss this suit as it lacks personal jurisdiction over AFMIC. Mr. Jaeger insists that the Court may exercise personal jurisdiction over AFMIC.[18]

Two independent limitations restrict the territorial reach of federal courts: the long-arm statute of the state in which the court sits, and the constitutional principles of

---

[11] *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)).
[12] See *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).
[13] *In re Boon Global Ltd.*, 923 F.3d at 650.
[14] *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).
[15] See *id.*
[16] *Id.* (quoting *Schwarzenegger*, 374 F.3d at 800).
[17] *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).
[18] Docket 12.

*Jaeger v. Am. Family Mut. Ins. Co., S.I.*,  Case No. 3:23-cv-00287-JMK
Order Granting Motion to Dismiss  Page 3
Case 3:23-cv-00287-JMK   Document 15   Filed 06/03/24   Page 3 of 11

due process.[19]  Alaska's long-arm statute, Alaska Stat. § 09.05.015, is co-extensive with federal due process requirements, so this Court's jurisdictional analyses under state law and federal constitutional law are the same.[20]

A court may exercise its personal jurisdiction over a non-resident defendant consistent with due process only if the defendant has "minimum contacts" with the forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."[21]  "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes," *i.e.*, there is general jurisdiction over the defendant, "a forum may exercise only 'specific' jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim."[22]

As discussed below, the Court may not exercise general or specific personal jurisdiction in this case.

A.  **This Court Lacks General Personal Jurisdiction Over AFMIC**

AFMIC asserts that the Court lacks general jurisdiction over it because AFMIC does not maintain continuous corporate operations in Alaska.[23]  Mr. Jaeger does not address general personal jurisdiction.[24]

---

[19] *See Schwarzenegger*, 374 F.3d at 800–01.
[20] *See Alaska Telecom, Inc. v. Schafer*, 888 P.2d 1296, 1299 (Alaska 1995) (holding that the Alaska legislature intended that Alaska Stat. § 09.05.015 be coextensive with the Fourteenth Amendment); *see also Schwarzenegger*, 374 F.3d at 801.
[21] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).
[22] *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).
[23] Docket 11 at 6.
[24] *See* Docket 12.

*Jaeger v. Am. Family Mut. Ins. Co., S.I.*,  Case No. 3:23-cv-00287-JMK
Order Granting Motion to Dismiss  Page 4
Case 3:23-cv-00287-JMK    Document 15    Filed 06/03/24    Page 4 of 11

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[25] "For general jurisdiction to exist, a defendant must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state."[26] "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic," Ninth Circuit courts "consider their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'"[27]

In this case, there are no contacts that support general jurisdiction. AFMIC is a mutual insurance company organized under the laws of Wisconsin, with its principal place of business in Madison, Wisconsin.[28] AFMIC does not sell insurance in Alaksa, has no Alaska brokers or agents licensed to sell its policies in Alaska, does not maintain offices or bank accounts in Alaska, has no employees in Alaska, and does not advertise in Alaska.[29] And, Mr. Jaeger does not submit any information to suggest that AFMIC has contacts in Alaska that support general jurisdiction. Accordingly, this Court may not exercise general personal jurisdiction over AFMIC.

---

[25] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).
[26] *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223–24 (9th Cir. 2011) (internal quotations and citations omitted).
[27] *Id.* at 1224 (alterations in original) (quoting *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1172 (9th Cir. 2006)).
[28] Docket 11-1 at 4.
[29] *Id.*

## B. The Court Lacks Specific Personal Jurisdiction Over AFMIC

AFMIC next argues that this Court lacks specific personal jurisdiction over it because it has not purposefully availed itself of the forum and Mr. Jaeger's claim does not arise out of any forum-related activities.[30] Mr. Jaeger responds that this Court has specific jurisdiction by virtue of two clauses in the insurance contract: a "territory of coverage clause," and an "out of state insurance" provision.[31] Furthermore, he argues that his claims arise out of AFMIC contacts with Alaska and that personal jurisdiction is reasonable in the current circumstances.[32]

Courts within the Ninth Circuit analyze specific jurisdiction over non-resident defendants according to a three-part test: (1) the non-resident must purposefully avail himself of the privilege of conducting business in the forum; (2) the claim must arise out of the forum-related activities; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."[33] "The plaintiff has the burden of proving the first two prongs."[34] "If [they do] so, the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable."[35]

"The exact form of [this Court's] jurisdictional inquiry depends on the nature of the claim at issue."[36] For claims sounding in contract, a purposeful availment test is

---

[30] Docket 11 at 8–14.
[31] Docket 12 at 3–5.
[32] *Id.* at 5–7.
[33] *In re Boon Global Ltd.*, 923 F.3d at 651 (quoting *Schwarzenegger*, 374 F.3d at 802).
[34] *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal citations omitted).
[35] *Id.* at 1212 (internal quotations and citations omitted).
[36] *Picot*, 780 F.3d at 1211.

used; for claims sounding in tort, a purposeful direction test is used.[37] Mr. Jaeger's claims in this case sound in contract.[38] Therefore, the minimum contacts analysis focuses on whether AFMIC "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[39]

"[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum."[40] "A plaintiff must show something more, such as 'a contractual relationship that envisioned continuing and wide-reaching contacts in the forum State,' efforts by the defendant to 'continuously and deliberately exploit[ ]' the forum state's market through salespeople or advertising, examples of the defendant closing sales or performing services in the forum state, or a choice-of-law provision selecting the law of the forum state."[41] A contract does "not give rise to specific jurisdiction in the forum" where "the business relationship between the parties was fleeting or its center of gravity

---

[37] *Id.* at 1212.
[38] *See* Docket 1-1 at 5–6 (alleging breach of contract and that AFMIC unfairly interfered with Mr. Jaeger's right to receive the benefits of the contract). Mr. Jaeger pleads a claim for breach of the implied covenant of good faith and fair dealing, which may sound in tort or in contract. However, the language in his complaint mirrors the language of the claim as it sounds in contract. *Compare Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp.*, 221 P.3d 977, 992 (Alaska 2009) (providing that the claim sounding in contract may exist where one party acts to deprive the other of the benefit of the contract), *with Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014) (providing that the claim sounding in tort may exist where an insurer denies a claim without a reasonable basis).
[39] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).
[40] *Boschetto v. Hansing,* 539 F.3d 1011, 1017 (9th Cir. 2008).
[41] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Aspen Custom Trailers, Inc.*, 587 F. Supp. 3d 904, 909 (D. Alaska 2022) (alteration in original) (*first quoting Walden v. Fiore*, 571 U.S. 277, 285 (2014), *then quoting Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 (1984), *then citing Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 365 (2021), *then citing Burger King v. Rudzewicz*, 471 U.S. 462, 482 (1985)).

*Jaeger v. Am. Family Mut. Ins. Co., S.I.*,  Case No. 3:23-cv-00287-JMK
Order Granting Motion to Dismiss  Page 7
Case 3:23-cv-00287-JMK   Document 15   Filed 06/03/24   Page 7 of 11

lay elsewhere."[42] When evaluating whether a contract gives rise to jurisdiction, courts evaluate the parties' "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."[43]

Mr. Jaeger fails to demonstrate that AFMIC has purposefully availed itself of Alaska as a forum and thus fails at the first step of the Ninth Circuit's analysis. The two provisions of the insurance contract to which Mr. Jaeger cites do not establish purposeful availment. The first, the "territory of coverage clause" provides that the "policy covers only accidents, occurrences, and losses which occur: a. Within the United States of America, its territories or possessions, or Canada, or between their ports."[44] The second, the "Out of State Insurance" clause provides that the "policy conforms to any motor vehicle insurance law to which an insured person becomes subject by using a car in any state."[45] Mr. Jaeger contends that these provisions are sufficient to permit personal jurisdiction, as the Ninth Circuit previously has recognized in *Farmers Insurance Exchange v. Portage La Prairie Mutual Insurance Co.* that a foreign corporation purposefully availed itself of a state's forum when it contracted to indemnify and defend claims against the insured and included a nationwide territory clause in the insured's policy.[46] Mr. Jaeger also points to *Rossman v. State Farm Mutual Automobile Insurance Co.*,[47] upon which the *Farmers* court

---

[42] *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1108 (9th Cir. 2020).
[43] *Id.* (citing *Burger King*, 471 U.S. at 479).
[44] Docket 11-2 at 9.
[45] *Id.* at 6.
[46] 907 F.2d 911, 913–14 (9th Cir. 1990).
[47] 832 F.2d 282 (4th Cir. 1987).

*Jaeger v. Am. Family Mut. Ins. Co., S.I.*, Case No. 3:23-cv-00287-JMK
Order Granting Motion to Dismiss Page 8
Case 3:23-cv-00287-JMK   Document 15   Filed 06/03/24   Page 8 of 11

relied, and *Arbella Mutual Insurance Co. v. District Court*,[48] a decision that relied on *Farmers*.[49]

       *Farmers* does not apply in this case. The Ninth Circuit has narrowed the scope of its holding in *Farmers*, distinguishing in *King v. American Family Mutual Insurance Co.* between an indemnity disputes and cases in which the insured sues its insurer for breach of contract.[50] In *King*, the Court noted that although "the Kings' insurance policies provide coverage for any accident that occurs anywhere in the United States," "this scope of coverage does not . . . mean that the Kings may hale [their insurer] into any court in this nation."[51] Rather, the *King* court indicated that the holding of *Farmers* is limited to cases arising out of a defendant insurer's duties to indemnify and defend claims in any state and affirmed a trial court's decision that it lacked jurisdiction in a breach of contract case.[52] This distinction makes sense. When an insurer contracts to indemnify and defend their insured in any state in the nation, they contemplate that they may be hauled into any forum to do so and thus invoke the benefits and protections of each forum's law. By contrast, an insurer does not necessarily avail itself a particular forum merely by contracting with an insured who raises a first-party coverage issue in that forum. Whether a court has personal jurisdiction in a breach of contract action requires an analysis

---

[48] 134 P.3d 710 (Nev. 2006).
[49] Docket 12 at 4–5.
[50] 632 F.3d 570, 580 n.10 (9th Cir. 2011).
[51] *Id.* at 578.
[52] *Id.* at 580.

*Jaeger v. Am. Family Mut. Ins. Co., S.I.*,    Case No. 3:23-cv-00287-JMK
Order Granting Motion to Dismiss    Page 9
Case 3:23-cv-00287-JMK   Document 15   Filed 06/03/24   Page 9 of 11

that goes beyond whether the insurance contract provides for coverage that extends into the forum.

This case, like *King*, involves an insured's claims for breach of contract against their insurer. Mr. Jaeger was not sued in Alaska and is not seeking that AFMIC indemnify and defend him.[53] Rather, he is suing AFMIC for breach of the insurance contract and breach of the covenant of good faith and fair dealing.[54] Accordingly, under the logic on *King*, his policy's nationwide "territory of coverage" and "out of state insurance" clauses do not suffice to allow this Court to exercise specific personal jurisdiction.

Furthermore, AFMIC has not otherwise purposefully availed itself of Alaska as a forum. AFMIC entered the insurance contract in Wisconsin with Mr. Jaeger, who, at the time of the agreement, was a Wisconsin resident and garaged his vehicle in the state.[55] And Mr. Jaeger never notified AFMIC that he had relocated to Alaska.[56] Finally, as discussed, AFMIC does not sell insurance in Alaksa, has no Alaska brokers or agents licensed to sell its policies in Alaska, does not maintain offices or bank accounts in Alaska, has no employees in Alaska, and does not advertise in Alaska.[57] Accordingly, Mr. Jaeger has not demonstrated that personal jurisdiction is appropriate under the first prong of the Ninth Circuit's analysis and dismissal is required.

---

[53] *See* Docket 1-1.
[54] *Id.*
[55] Docket 11-2 at 10; Docket 11-1 at 2.
[56] Docket 11-1 at 2.
[57] *Id.* at 4.

## IV. CONCLUSION

For the foregoing reasons, the *Motion to Dismiss* at Docket 11 is **GRANTED**. The Clerk is respectfully instructed to close the case.

IT IS SO ORDERED this 3rd day of June, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Jaeger v. Am. Family Mut. Ins. Co., S.I.*, Case No. 3:23-cv-00287-JMK
Order Granting Motion to Dismiss Page 11
Case 3:23-cv-00287-JMK   Document 15   Filed 06/03/24   Page 11 of 11